Not Intended for Print Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **RICHARD FULTON,** ) | |
| ) | |
| Petitioner, ) | Case No. 7:05-CV-00347 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | By: James P. Jones |
| ) | Chief U.S. District Judge |
| Respondent. ) | |

*Richard Fulton, pro se; William F. Gould, Assistant United States Attorney, Charlottesville, Virginia, for United States.*

Petitioner Richard Fulton brings this Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. He alleges that (1) his plea agreement was unknowing and involuntary, because of his counsel's ineffective assistance; (2) he received ineffective assistance of counsel after his guilty plea; (3) *In re Winship*, 397 U.S. 358 (1970) requires a rehearing and re-sentencing; (4) petitioner's motion should be reviewed under *Murray v. Carrier*, 477 U.S. 487 (1986) and *Schlup v. Delo*, 513 U.S. 298 (1995); (5) the district court failed to conduct a proper inquiry, which entitles petitioner to a re-sentencing under *United States v. Irvin*, 2 F.3d 72 (4th Cir.

1993); and (6) the district court should introduce a new watershed rule of criminal procedure. The government has filed a Motion to Dismiss.

On November 13, 2001, a grand jury of this court returned a five-count Indictment against the petitioner and Antoinette Boxley. Count One charged that on a date no later than October 1999, and continuing until February 2001, Fulton and Boxley did knowingly and intentionally distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. § 846. Count Two charged that on numerous occasions between October 1999 and May 2001, Fulton used or carried a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(B)(i). Count Three charged that on August 27, 2000, Fulton, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm that affected interstate commerce, in violation of 18 U.S.C. § 922(g)(1).

Fulton pleaded guilty to Counts One and Three of the Indictment on October 25, 2002, pursuant to a written plea agreement. On February 12, 2003, Fulton filed a motion to withdraw his guilty plea, which this court denied. Fulton was sentenced on May 6, 2003, to 360 months imprisonment. Fulton appealed and his conviction and sentence were affirmed. *United States v. Fulton*, No. 03-4436, 2004 U.S. App. LEXIS 1168 (4th Cir. Jan. 27, 2004) (unpublished). Fulton sought certiorari from

the Supreme Court, which was denied on June 1, 2004. *Fulton v. United States*, 541 U.S. 1081 (2004). Fulton's § 2255 motion was mailed to this court on June 1, 2005.

The government contends that Fulton knowingly and voluntarily waived his rights to file a habeas petition in his guilty plea, and therefore moves to dismiss the petition. Fulton argues in response that he did not understand the appeal rights that he was waiving, and that his lawyer induced him to plead guilty by promising him a shorter sentence than the one he received; thus, he claims, his waiver was not knowing and voluntary, and he should be allowed to collaterally attack his plea agreement and resulting sentence. Guilty pleas play an important role in the criminal justice system, allowing the government to conserve scarce resources, and criminals to forego the uncertainties of trial and gain a speedy resolution to their cases. *See Blackledge v. Allison*, 431 U.S. 63, 71 (1977). However, these benefits cannot be realized unless guilty pleas "are accorded a great measure of finality." *Id.* Accordingly, the Fourth Circuit has held that a defendant may knowingly and voluntarily waive his collateral attack rights in a plea agreement, and that courts "must be able to rely on the defendant's statements made under oath" in order to determine whether such a waiver is valid. *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005).

- 3 -

In Fulton's Rule 11 plea colloquy, he stated, in response to questions from the court, that he understood the collateral attack rights that he was waiving by entering into the plea agreement. (Guilty Plea Tr. at 13–14.) In addition, Fulton testified that he was satisfied with his attorney, and that no promises or assurances were made regarding his sentence. He also asserted that he understood that the district court had the authority to impose a sentence more severe than that outlined in the guidelines, and that in fact, the court could sentence him to life in prison. (*Id*. at 12.)

A district court should dismiss any motion that relies on allegations that contradict the sworn statements in a Rule 11 colloquy. *Lemaster*, 403 F.3d at 222. Fulton's testimony in court contradicts the petition's allegations that Fulton's lawyer promised him that he would receive a shorter sentence, and that the petitioner did not understand that he was waiving his collateral rights. The truth of Fulton's statements during the Rule 11 colloquy is "conclusively established," and according to those statements, the waiver of his collateral attack rights, as well as his decision to enter into the plea agreement, was knowing and voluntary. *Id.* at 221. As a result, his petition must be dismissed.

For these reasons, the government's Motion to Dismiss will be granted. An appropriate order shall issue this day.

DATED: February 12, 2006

 /s/ JAMES P. JONES
Chief United States District Judge

Case 7:05-cv-00347-JPJ-mfu   Document 17   Filed 02/12/06   Page 5 of 5   Pageid#: 209